UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES J. MARLOWE JR., <br><br> Plaintiff, <br><br> v. <br><br> FLORENCE D. GRAHAM, <br><br> Defendant. | CASE NO. C23-5366 BHS <br><br> ORDER |

THIS MATTER is before the Court on defendant Florence Graham's motion to dismiss for improper venue, Dkt. 6.

Pro se plaintiff James Marlowe alleges that he and his then-fiancé, Graham, cohabitated in Graham's Lanoka Harbor, New Jersey home between 2010 and 2022. He claims he maintained the home and took care of Graham's twelve cats. Dkt. 1 at 2. They also agreed to purchase a car together. Marlowe alleges that, in June 2022, Graham filed an "ejectment" against him, causing him to hire a lawyer, and he asserts that he soon after suffered a stroke, and was forced to move into a shelter in New Jersey. *Id*. at 4. Marlowe moved his belongings from Graham's home to a storage unit but Graham kept his gun collection, which he values at $155,000. Graham obtained a protection order against

ORDER - 1

1  Marlowe, which led to his gun collection being taken by the Lacey Township (New
2  Jersey) Police Department, where Marlowe alleges it remains. The protection order was
3  dismissed in December 2022. *Id*. at 5. Marlowe alleges that he now resides in Lakewood,
4  Washington. *Id*. at 1.
5      In April 2023, Marlowe sued Graham in this Court for conversion and for the
6  intentional infliction of emotional distress. He seeks reimbursement for his guns and
7  various other expenses, and $87,000 in punitive damages. *Id*. at 6.
8      Graham seeks dismissal (with prejudice) for lack of proper venue under Federal
9  Rule of Civil Procedure 12(b)(3). Dkt. 6. She correctly points out that, under 28 U.S.C. §
10 1391(b)(1) and (2), venue is proper in the judicial district where (1) the defendant resides
11 or (2) where the events giving rise to the case took place. Only where there is no such
12 district can the plaintiff sue in "any judicial district in which [the] defendant is subject to
13 the court's personal jurisdiction[.]" 28 U.S.C. §1391(b)(3). By Marlowe's own account,
14 Graham resides in New Jersey, and all of the events giving rise to his claims occurred in
15 New Jersey. Neither Marlowe nor Graham address this Court's personal jurisdiction over
16 Graham.
17     Marlowe asserts that 28 U.S.C. § 1391's use of the word "may" is permissive, not
18 mandatory, and that Graham is essentially arguing that New Jersey is a more convenient
19 venue. Dkt. 8.
20     The Court does not agree. *Forum non conveniens* presumes that the current venue
21 is proper, but that there is a superior proper venue. This forum is not proper under 28
22 U.S.C. § 1391(b), and Graham's motion to dismiss for improper venue, Dkt. 6, is

**GRANTED**. However, the dismissal is *without* prejudice. This Court cannot and does not purport to adjudicate the merits of Marlowe's claims.

The Clerk shall enter a **JUDGMENT** and close the case.

**IT IS SO ORDERED**.

Dated this 25th day of July, 2023.

    BENJAMIN H. SETTLE
    United States District Judge

ORDER - 3